IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CURTIS WAYNE DALE SMITH, JR                                                                PLAINTIFF

v.                                      Case No. 4:24-cv-4025

JOAN MCLEAN; OFFICER
JOE DOE; and OFFICER TODD TALLANT                                                        DEFENDANTS

**<u>ORDER</u>**

Before the Court is Plaintiff Curtis Wayne Dale Smith, Jr.'s failure to comply with Court Orders and prosecute this matter. Plaintiff originally submitted this 42 U.S.C. § 1983 action *pro se* on March 28, 2024. ECF No. 1. Plaintiff submitted an Application to proceed *in forma pauperis* ("IFP") on the same day. ECF No. 2. The Court granted Plaintiff's IFP Application (ECF No. 3), and then entered an order (ECF No. 6) consolidating Case Numbers 4:25-cv-04025, 4:24-cv-04027, and 4:24-cv-04028, with this case as the lead case.

On April 26, 2024, the Court entered an Order directing the Plaintiff to file an Amended Complaint which would consolidate all claims alleged in Case Numbers 4:25-cv-04025, 4:24-cv-04027, and 4:24-cv-04028 into a single pleading. ECF No. 7. Plaintiff's Amended Complaint was due on May 17, 2024. *Id.* This Order was not returned as undeliverable mail, but Plaintiff failed to respond. On May 21, 2024, the Court entered an Order to show cause why he failed to comply with the Court's April 26, 2024, Order and submit an Amended Complaint. ECF No. 8. Plaintiff's response was due on June 11, 2024. This Order to show cause was not returned as undeliverable mail but Plaintiff failed to respond. Plaintiff has not communicated with the Court since originally filing his Complaint on March 28, 2024. ECF No. 1.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir.

1984).  The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).  Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Here, Plaintiff has wholly failed to prosecute this case and comply with the Court's Orders.  Plaintiff never communicated with this Court after his case was initially filed despite two Court Orders to do so.  Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds Plaintiff's Complaint (ECF No. 1) should be and is hereby **DISMISSED WITHOUT PREJUDICE**.[1]

**IT IS SO ORDERED**, this 8th day of August, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[1] Plaintiff's complaints in the cases consolidated with this matter, Nos. 4:24-cv-4027 and 4:24-cv-4028, are likewise **DISMSSED WITHOUT PREJUDICE**.